```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
PETER FLEURY,                         :    16cv4712 (DLC)
                          Petitioner, :    00cr076 (DLC)
                                      :
            -v-                       :    MEMORANDUM OPINION
                                      :         AND ORDER
UNITED STATES OF AMERICA,             :
                                      :
                          Respondent. :
                                      :
--------------------------------------X
```

DENISE COTE, District Judge:

    On September 26, 2000, petitioner Peter Fleury ("Fleury") was found guilty by a jury of (1) bank robbery in violation of 18 U.S.C. § 2113(a), (2) armed bank robbery in violation of 18 U.S.C. § 2113(d), (3) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Fleury had used a handgun in robbing a bank, and had been arrested with the gun shortly after the robbery.  The defendant now moves for resentencing pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  For the following reasons, the petition is stayed.

## Background

    Fleury's base offense level for a violation of 18 U.S.C. § 922(g) was 24 because Fleury had "at least two felony convictions of either a crime of violence or a controlled

---

[1] At sentencing, the Court dismissed the bank robbery charge on a joint motion of the defendant and the Government because the charge was subsumed by the armed robbery charge.

substance offense." U.S.S.G. § 2K2.1(a)(2).[2]  Because he was a career offender within the meaning of § 4B1.1,[3] Fleury's total offense level was set at 34 and his Criminal History Category was increased from IV to VI.

Fleury's prior convictions for which he received criminal history points were convictions for (1) second degree robbery and criminal use of a firearm in 1982, and (2) criminal possession of a controlled substance -- a class D felony -- in 1989.  Fleury's Guidelines range was 262 to 327 months' imprisonment, followed by a mandatory and consecutive five year term of imprisonment for violation of 18 U.S.C. § 924(c).

On March 29, 2001, the Court sentenced Fleury principally to 322 months' imprisonment, which included 262 months for the armed bank robbery count to run concurrently with 120 months on the possession of a firearm count, and 60 months on the use of a firearm count to run consecutively.  Fleury appealed his sentence,

---

[2] At the time of Fleury's sentence, a "crime of violence" was defined by § 4B1.2(a) as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  U.S.S.G. § 4B1.2(a) (emphasis added).[2]

[3] A finding under the Guidelines that a defendant is a career offender requires, <u>inter alia</u>, that the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and that the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

2

which was affirmed by the United States Court of Appeals for the Second Circuit on April 22, 2002.

On June 21, 2016, counsel for Fleury filed a petition to vacate his sentence under 28 U.S.C. § 2255.  Fleury makes three separate arguments pursuant to the decision in Johnson, each of which is addressed below.  On July 29, defense counsel requested a stay of the petition.

### Discussion

In Johnson, the Supreme Court held that a portion of the definition of crime of violence in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.[4]  Id. at 2563.  That same definition was contained in U.S.S.G. § 4B1.2(a)(2) at the time Fleury's 2001 sentence was imposed.

**A. Career Offender under § 4B1.1**

Fleury's first argument is that he is entitled to be resentenced because he is not a career offender under § 4B1.1 because his 1982 conviction for second degree robbery no longer qualifies as a crime of violence.  Circuit Courts are split on whether the holding in Johnson applies to the Sentencing Guidelines.[5]  The Supreme Court has granted a writ of certiorari in

---

[4] The Court's holding did "not call into question application of [§ 924(e)(2)(B)] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. 2562.

[5] Compare Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015) (Johnson does not apply to Sentencing Guidelines), cert. granted, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016)

Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), to resolve whether the reasoning in Johnson applies to the Guidelines' definition of crimes of violence.  The Second Circuit has acknowledged the disagreement between the Courts of Appeals on this issue, and has instructed district courts to stay § 2255 petitions raising Johnson challenges to § 41B.2(a) pending the Supreme Court's decision in Beckles.  Blow v. United States, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016), as amended (July 29, 2016).  Accordingly, this portion of the petition will be stayed pursuant to Blow pending the outcome of Beckles.

### B. Offense Level under § 2K2.1

Fleury's second argument is that he is entitled to be resentenced on count four (being a felon in possession of a firearm) because his base offense level should not have been calculated as 24 under § 2K2.1(a)(2).  That section provides that a defendant's base offense level is set at 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2k2.1(a)(1).  As discussed above, Johnson challenges to the Guidelines will be

---

and United States v. Matchett, 802 F.3d 1185, 1196 (11th Cir. 2015) (holding that Guidelines provisions cannot be attacked as unconstitutionally vague) with United States v. Madrid, 805 F.3d 1204, 1212 n.10 (10th Cir. 2015) (Johnson applies to Sentencing Guidelines).

stayed pending the outcome in Beckles.  As noted above, however, Fleury's 120 month sentence for possession of a firearm runs concurrently with his 262 month sentence for armed robbery.

### C. Violation of 18 U.S.C. § 924(c)

Fleury's third argument is that his conviction under § 924(c)(1)(A) should be vacated because § 924(c)(1)(A)'s definition of "crime of violence," which is contained in § 924(c)(3) and is different from the one at issue in Johnson, is unconstitutionally vague.  As used in § 924(c),

> the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The Second Circuit recently held in United States v. Hill, No. 14-3872-CR, 2016 WL 4120667, at *7 (2d Cir. Aug. 3, 2016), that (1) the reasoning in Johnson does not apply to the definition of "crime of violence" under § 924(c)(3), and (2) the definition in § 924(c)(3) is not void for vagueness.

### Conclusion

Accordingly, it is hereby

ORDERED that Fleury's application to be resentenced because he is not a career offender under § 4B1.1 is stayed pending the Supreme Court's decision in Beckles.  The petitioner shall submit a status update within 14 days of a decision in Beckles.

5

IT IS FURTHER ORDERED that, at the time the stay is lifted, the parties will be given an opportunity to explain why Fleury's application to vacate his conviction under 18 U.S.C. § 924(c) should not be denied in light of <u>Hill</u>, and to address Fleury's application to be resentenced for being a felon in possession of a firearm.

Dated:  New York, New York
        August 16, 2016

```
                              _____
                                     DENISE COTE
                              United States District Judge
```