UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
PETER FLEURY,                            :      16cv4712 (DLC)
                                         :      00cr076 (DLC)
                        Petitioner,      :
                                         :      OPINION AND ORDER
            -v-                          :
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                        Respondent.      :
                                         :
-----------------------------------------X

APPEARANCES

For the petitioner:
Peggy Cross-Goldenberg
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007

For the respondent:
Emily A. Johnson
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On June 21, 2016, Peter Fleury ("Fleury") filed a petition ("2016 Petition") pursuant to 28 U.S.C. § 2255 to vacate his sentence due to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which addressed the constitutionality of the residual clause in the definition of a crime of violence in the Armed Career Criminal Act ("ACCA"). As explained below, the 2016 Petition was stayed for years due to

proceedings in the Supreme Court and the Court of Appeals for the Second Circuit on the legal issue raised in the 2016 Petition.  On March 22, 2019, Fleury filed a brief in support of the 2016 Petition.  In a July 11, 2019 letter, Fleury presented for the first time a claim based on the Supreme Court's decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), which issued on June 21, 2019.  For the following reasons, the 2016 Petition is denied and the July 11, 2019 <u>Rehaif</u> argument is denied as procedurally defaulted.

## **Background**

On January 13, 2000, Fleury robbed a bank located on West 42nd Street in Manhattan.  When leaving the bank, he pulled out a silver handgun.  He was chased and captured.  The stolen money and weapon were recovered from his person.

On August 30, 2000, Fleury was indicted in four counts with bank robbery (Count One), armed bank robbery (Count Two), use of a firearm during a crime of violence (Count Three), and as a felon in possession of a firearm (Count Four), in violation of 18 U.S.C. §§ 2113(a), 2113(d), 924(c), and 922(g), respectively.  A jury found Fleury guilty on each of the four counts on September 26, 2000.

On March 29, 2001, Fleury was sentenced as a career offender under the United States Sentencing Guidelines

("Sentencing Guidelines").  The offenses identified in support of that classification were a 1989 conviction for criminal possession of a controlled substance in the fifth degree ("1989 State Controlled Substance Conviction") and a 1982 conviction for robbery in the second degree ("1982 State Robbery Conviction"), in violation of New York Penal Law §§ 220.06 and 160.10, respectively.  Because the bank robbery charge on which Fleury was convicted at trial was subsumed in the armed bank robbery charge, it was dismissed at the time of sentence.  Fleury was sentenced principally to a term of imprisonment of 322 months.  This reflected a 262-month sentence on the armed bank robbery charge (Count Two), a concurrent 120-month sentence on the felon-in-possession charge (Count Four), and a mandatory consecutive 60-month sentence for the use of a firearm during a crime of violence (Count Three).

Fleury appealed his conviction on two grounds.  He asserted that the evidence was insufficient to establish that he committed the bank robbery by intimidation, as required by § 2113(a), and that the Court erred in finding him competent.  The conviction was affirmed by summary order on March 27, 2002.  His petition for a writ of certiorari was denied on October 7, 2002.

Fleury's 2016 Petition, filed on June 21, 2016, was his first petition filed pursuant to § 2255.[1] The sole issues raised in that petition related to the 1982 State Robbery Conviction and his conviction on Count Two for armed bank robbery. In light of Johnson, which was made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), Fleury argued that these crimes did not qualify as crimes of violence. Accordingly, Fleury argued that he was not a career offender for purposes of the Sentencing Guidelines and was entitled to be resentenced.

A Memorandum Opinion and Order of August 16, 2016 granted Fleury's application for a stay pending a decision by the Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017). After the Beckles decision issued on March 6, 2017, Fleury requested a stay until the Court of Appeals decided United States v. Barrett, 903 F.3d 166 (2d Cir. 2018). After Barrett was decided on September 10, 2018, Fleury requested a stay until the mandate in Barrett was issued. After the mandate in Barrett issued on January 29, 2019, Fleury requested a stay until the Supreme Court issued an opinion in United States v. Davis, 139 S. Ct. 2319 (2019). That request was denied and Fleury was ordered to file its brief in support of the 2016

---

[1] Fleury was ordered on June 24, 2016 to identify a schedule for the submission of supplemental material in support of his petition, which he had designated as a placeholder petition. On July 29, Fleury submitted a letter requesting a stay of his petition.

4

Petition on March 22, 2019. After the Supreme Court issued its decision in Davis on June 24, 2019, the Court gave Fleury an opportunity to address the impact of Davis on the 2016 Petition.[2]

In a letter of July 11, 2019, Fleury's counsel not only addressed the impact of Davis on his petition, but also sought to supplement his 2016 Petition with a new claim based on the Supreme Court's decision in Rehaif. The Government responded on September 20, 2019.

## Discussion

I. The 2016 Petition

Fleury argues in his 2016 Petition that he was not a career offender, as defined in the Sentencing Guidelines, because neither his 1982 State Robbery Conviction nor his conviction under Count Two for armed bank robbery were crimes of violence. Those arguments fail. In United States v. Pereira-Gomez, the Court of Appeals held that all degrees of robbery under New York

---

[2] In Davis, the Supreme Court held that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. at 2336. Following Davis, the Second Circuit vacated Barrett's § 924(c) conviction on Count Two because the predicate offense for that count, conspiracy to commit Hobbs Act robbery, required application of the residual clause of § 924(c). United States v. Barrett, 937 F.3d 126, 128-30 (2d Cir. 2019). The Second Circuit affirmed Barrett's § 924(c) convictions on Counts Four, Six, and Seven, however, because the predicate offense for each of those counts, substantive Hobbs Act robbery, could be identified as crimes of violence without reliance on the residual clause of § 924(c). Id.

law qualify as crimes of violence under the force clause of application note 1(B)(iii) to Section 2L1.2 of the November 1, 2014 Sentencing Guidelines. 903 F.3d 155, 166 (2d Cir. 2018). Because that language in the 2014 Sentencing Guidelines is indistinguishable from the definition of "crime of violence" in the Sentencing Guidelines applicable at the time Fleury was sentenced by this Court, see U.S.S.G. § 4B1.2(a) (Nov. 1, 2000 ed.), the 1982 State Robbery Conviction qualifies as a crime of violence. Moreover, in United States v. Hendricks, the Court of Appeals held that bank robbery committed by intimidation categorically qualifies as a crime of violence under the force clause of § 942(c). 921 F.3d 320, 328 (2d Cir. 2019). It necessarily follows that armed bank robbery is categorically a crime of violence under the force clause as well.

Fleury also argues that he was not a career offender because his 1989 State Controlled Substance Conviction no longer qualifies as a career offender predicate following the Court of Appeals' decision in United States v. Townsend, which held that the term "controlled substance" in § 4B1.2(b) of the Sentencing Guidelines "refers exclusively to those substances in the [Controlled Substances Act]." 897 F.3d 66, 75 (2d Cir. 2018). As the Government correctly points out, however, Townsend cannot be considered, as it does not assert a new rule of constitutional law and it has not been made retroactively

6

applicable to cases on collateral review.  See 28 U.S.C.
§ 2255(h)(2).  Fleury has not suggested that the Government is
incorrect in that analysis.

More recently, Fleury has argued that the firearm
conviction on Count Three is also defective because § 924(c)'s
residual clause is unconstitutionally vague.  Again, the holding
in Hendricks requires that this argument be rejected.  Because
Fleury's conviction for armed bank robbery qualifies as a crime
of violence under § 924(c)'s force clause, see Hendricks, 921
F.3d at 328, there is no need to address Fleury's argument
regarding the residual clause in that same statute.[3]

II.  July 11 2019 Rehaif Argument

On July 11, 2019, Fleury presented a new argument unrelated
to those presented in his Petition.  He argues that the Court's
June 21, 2019 decision in Rehaif requires that Fleury's
conviction on Count Four, the felon-in-possession count, be
vacated.  Rahaif held that under § 922(g), "the Government must
prove both that the defendant knew he possessed a firearm and
that he knew he belonged to the relevant category of persons
barred from possessing a firearm."  139 S. Ct. at 2200.

Fleury has procedurally defaulted his challenge premised on
Rahaif.  It is well established that a collateral challenge

---

[3] The Government also argues that Fleury has procedurally defaulted his claim regarding Count Three.

through § 2255 is not a substitute for an appeal.  United States v. Frady, 456 U.S. 152, 165 (1982).  Thus, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."  Bousley v. United States, 523 U.S. 614, 622 (1998) (citation omitted).

Fleury did not argue in his direct appeal (or in his 2016 Petition) that his felon-in-possession conviction was legally deficient because the indictment did not allege, there was no evidence at trial, or the jury did not find that Fleury knew he could not lawfully possess a firearm as a convicted felon.  At trial, Fleury stipulated that he had previously been convicted of a felony punishable by imprisonment exceeding one year.  He does not explain what cause prevented him from raising his knowledge-of-status challenge on appeal.  Moreover, he has not demonstrated either prejudice or actual innocence to excuse his procedural default.  For these reasons, Fleury may not pursue his Rahaif claim through habeas proceedings.[4]

---

[4] This issue should also have been presented, if at all, to the Court of Appeals in a successive petition since it does not arise out of or relate to Fleury's 2016 Petition.  See 28 U.S.C. § 2255(h).

**Conclusion**

Fleury's petition of June 21, 2016 is denied. Because Fleury has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990) (per curiam). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is hereby directed to close the case.

Dated:   New York, New York
         November 19, 2019

_____
DENISE COTE
United States District Judge